UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA AGOSTO on behalf of B.R.C.,           :

                Plaintiff,           :

                                          **MEMORANDUM AND OPINION**
   -against-                                          :

COMMISSIONER OF SOCIAL SECURITY,     :           13-CV-5287 (KNF)

                Defendant.      :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Sabrina Agosto, on behalf of her minor daughter B.R.C., commenced this action against the Commissioner of Social Security, seeking review of an administrative law judge's ("ALJ") decision, dated February 29, 2012, finding B.R.C. ineligible for Supplemental Security Income ("SSI") benefits, pursuant to Title XVI of the Social Security Act ("SSA"), 42 U.S.C. § 1382c(a)(3)(c). The ALJ's decision became final on May 21, 2013, when the Appeals Council denied Agosto's request for review. This action followed. Before the Court is the Commissioner's motion for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Agosto opposes the motion.

      Agosto alleged her daughter was disabled because of epilepsy. An administrative hearing was held, on February 6, 2012, at which Agosto and her daughter testified, without counsel. The issue before the ALJ was whether the claimant is disabled. The ALJ determined that: (1) the claimant filed an application for SSI, on April 14, 2011; (2) no evidence exists of substantial gainful activity after April 14, 2011; (3) the claimant's impairment that is considered to be "severe" under the SSA is seizure disorder; (4) the claimant's impairment does not meet or medically equal in severity the appropriate medical findings contained in 20 C.F.R. Part 404,

Appendix 1 to Subpart P; (5) the claimant has no limitation in acquiring and using information, no limitation in attending and completing tasks, no limitation in interacting and relating with others, a less than marked limitation in moving about and manipulating objects, no limitation in caring for herself and a marked limitation in health and physical well being; (6) the claimant's impairment does not functionally equal in severity the appropriate medical findings contained in 20 C.F.R. Part 404, Appendix 1 to Subpart P; (7) the claimant's allegation of disability is not supported by the objective clinical findings; (8) the claimant does not have a medically determinable physical or mental impairment, or combination of impairments, which results in marked and severe functional limitations; and (9) the claimant has not been under a disability at any time since April 14, 2011, through the date of the decision.

The defendant contends that substantial evidence supports the ALJ's decision and no legal error has been committed by the ALJ. The plaintiff contends that the motion should be denied and B.R.C.'s condition has become worse because she was recently diagnosed with dyslexia.

### *Legal Standard*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

> A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence"

or if the decision is based on legal error. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted).

"Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted). "

"An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Three steps are involved in determining whether a claimant under the age of 18 is disabled. See 20 C.F.R. § 416.924(a). First, it must be determined whether the claimant under the age of 18 is engaging in substantial gainful activity, and, if she is, she will be found not disabled regardless of her medical condition or age, education or work experience. See 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b). Second, it must be determined whether the claimant under the age of 18 has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. § 416.924(c). If the claimant does "not have a medically determinable impairment, or [the claimant's] impairment(s) is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," that claimant will be found not disabled. 20 C.F.R. § 416.924(c). If the claimant has a severe impairment(s), the third step is to determine whether the claimant has "an impairment(s) that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a). If the claimant has "such an

3

impairment(s), and it meets the duration requirement," the claimant will be found disabled. 20 C.F.R. § 416.924(a). If the claimant does not have "such an impairment(s), or if it does not meet the duration requirement," the claimant will be found not disabled. 20 C.F.R. § 416.924(a).

If the claimant has a severe impairment or combination of impairments that does not meet or medically equal any listing, it must be determined "whether it results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a). "Functionally equals the listings" means that the claimant's "impairment(s) must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). The claimant's functioning in the following six domains is considered: (1) "[a]cquiring and using information"; (2) "[a]ttending and completing tasks"; (3) "[i]nteracting and relating with others"; (4) "[m]oving and manipulating objects"; (5) "[c]aring for yourself"; and (6) "[h]ealth and physical well-being." 20 C.F.R. § 416.926a(b)(1).

When determining whether the claimant has a marked or an extreme limitation, the claimant's "functional limitations resulting from all of [the claimant's] impairments, including their interactive and cumulative effects" are considered based on all the relevant information in the case record. 20 C.F.R. § 416.926a(e)(1)(i). A finding of marked limitation is made when the claimant's "impairment(s) interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" 20 C.F.R. § 416.926a(e)(2)(i). A finding of an extreme limitation will be made when the claimant's "impairment(s) interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). "'Extreme' limitation is the

4

rating [given] to the worst limitations," but it "does not necessarily mean a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3)(i).

*Application of Legal Standard*

Upon careful review of the record, the Court finds that the ALJ followed properly the three-step sequential analysis required to be followed when making a disability determination, and analyzed properly the six domains in determining whether B.R.C.'s functional limitations caused by her impairment are the functional equivalent to the functional limitations of a listed impairment. The Court finds further that the ALJ's findings are supported by substantial evidence.

Although Agosto contends, in her opposition to the defendant's motion, that B.R.C. has been diagnosed recently with dyslexia, the ALJ found that Agosto did not allege, in her application for benefits, disability on behalf of B.R.C. based on her dyslexia. Remand to the Commissioner of Social Security is not appropriate based on Agosto's claim that her daughter has been diagnosed recently with dyslexia, because evidence obtained recently, of a new condition, is neither material nor relevant to the determination respecting B.R.C.'s condition during the period for which benefits were denied her.

*Conclusion*

For the foregoing reasons, the defendant's motion for judgment on the pleadings, Docket Entry No. 18, is granted. The Clerk of Court is directed to close this case.

Dated: New York, New York
       February 5, 2015

SO ORDERED:

*(signature)* Kevin Nathaniel Fox for
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Sabrina Agosto